Justin Kadoura
**HOLLAND & KNIGHT LLP**
1650 Market Street, Suite 3300
Philadelphia, Pennsylvania 19103
Telephone: (215) 252-9600
Fax: (215) 867-6070
Email: justin.kadoura@hklaw.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NEPTUNE VLGC POOL LTD.<br><br>    Plaintiff,<br><br>  -against-<br><br>ACCENTUATE TECHNOLOGY INC.<br><br>    Defendant. | 2:26-cv-00368 |

**MOTION FOR *EX PARTE* RULE B ATTACHMENT AND ACCOMPANYING MEMORANDUM OF LAW**

  Plaintiff, Neptune VLGC Pool Ltd. ("Neptune" or "Plaintiff"), by and through undersigned counsel, hereby moves the Court for an order directing the issuance of process of attachment and garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime claims ("Rule B") against Defendant Accentuate Technology Inc. ("Accentuate") on the grounds set forth below.

**INTRODUCTION**

  Neptune filed a Verified Complaint for attachment in the above-styled case in the Eastern District of Pennsylvania on January 21, 2026. By this action, Neptune seeks a writ of maritime attachment of the property of Defendant's assets in the District, including but not limited to those held by garnishee bank First National Bank of Pennsylvania ("FNB"). Plaintiff's attachment is

sought to obtain security for a $2,100,000 contract claim pursuant to a maritime contract, a voyage charter party.

## STATEMENT OF FACTS

As set forth in the Verified Complaint, this Rule B attachment arises out of a dispute between Neptune as owners and Accentuate as charterers of the LPG carrier SANSOVINO (the "Vessel"). After entering into a voyage charter party for the Vessel, owners delivered the Vessel as agreed, but charterers sought to cancel the contract due to their inability to secure cargo for loading. Plaintiff and Defendant agreed to an addendum to the contract whereby Defendant became obligated to pay a sum of $1,857,833.36 to Plaintiff. Defendant has failed to make payment by the time required, and the amount remains due and owing. Plaintiff will seek an award in an arbitration proceeding in the United Kingdom, where additional amounts are recoverable including interest, attorney's fees, and costs, which are expected to bring the claim to $2,100,000.

## RULE B ATTACHMENT IS PROPER TO SECURE PLAINTIFF'S CLAIMS

Under Supplemental Rule B, if a defendant cannot be found within the district, a plaintiff can garnish and attach the defendant's property after filing a complaint pleading a *prima facie* claim which sounds in admiralty. Fed. R. Civ. P. Supp. R. B(1)(a); *Bunge, S.A. v. ADM Int'l SARL*, No. 22-1276, 2023 WL 3773670 (3d Cir. 2023). A Rule B attachment is a *quasi in rem* proceeding which permits the assertion of jurisdiction over a defendant's property located within the district even though the court has no *in personam* jurisdiction over the defendant. *Wind Shipping Co. S.A. v. Novel Commodities S.A.*, Mo. 13-cv-1890, 2013 WL 3785241, *1 (M.D. Pa. July 18, 2013) (citing *Polar Shipping Ltd. v. Oriental Shipping Corp.*, 680 F.2d 627, 632 (9th Cir. 1982)); *see also West of England Ship Owners Mut. Ins. Ass'n v. McAllister Bros., Inc.*, 829 F.Supp. 125, 127 (E.D. Pa. 1993). The relief of maritime attachment arose because it is often more difficult to obtain

jurisdiction over parties to a maritime dispute than parties to a traditional civil action. The traditional policy underlying *ex parte* maritime attachment has been to permit the attachment of assets wherever they can be found, thereby obviating the need for a plaintiff to "scour the globe" to find a proper forum for suit or property of the defendant sufficient to satisfy a judgment. *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 443 (2d Cir. 2006).

A plaintiff's right to obtain maritime attachment of a defendant's property to secure its claim "extend[s] as far back as the authentic history of those tribunals can be traced." *Aurora Maritime Co. v. Abdullah Mohamed Fahem & Co.*, 85 F.3d 44, 47–48 (2d Cir. 1996) (quoting *Atkins v. The Disintegrating Co.*, 85 U.S. (18 Wall.) 272, 303 (1873)). "The rationale underlying maritime attachment is twofold. First, attachment provides a means to assure satisfaction if a suit is successful"; second, attachment "ensure[s] a defendant's appearance in an action, an aspect of attachment inextricably linked to a plaintiff's substantive right to recover." *Id.* at 48.

Accordingly, maritime attachment is available whenever "the plaintiff has an *in personam* claim against the defendant which is cognizable in admiralty . . . . In other words, the plaintiff's claim must be one which will support a finding of admiralty jurisdiction under 28 U.S.C. § 1333." *Winter Storm Shipping, Ltd. v. TPI*, 310 F.3d 263, 268 (2d Cir. 2002), o*verruled on other grounds by Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte. Ltd.*, 585 F.3d 58 (2d Cir. 2009); *see also Flame S.A. v. Freight Bulk Pte. Ltd.*, 762 F.3d 352, 357 (4th Cir. 2014).. The only other prerequisite necessary for a plaintiff to demonstrate its entitlement to a writ of maritime attachment and garnishment is to show that "the defendant cannot be found within the district." FED. R. CIV. P. SUPP. R. B(1)(b). Hence, where a plaintiff files a maritime claim and an affidavit showing that the defendant cannot be found within the district, that plaintiff has satisfied the prerequisites for

obtaining an order directing the issuance of a writ of maritime attachment and garnishment and the court should issue the requested order without further inquiry:

> Although a plaintiff seeking attachment must supply, along with its verified complaint, an affidavit stating that defendant cannot be found within the district, ***little else is required and there need only be a hearing <u>after</u> the attachment is served***.

*ContiChem LPG v. Parsons Shipping Co.*, 229 F.3d 426, 434 (2d Cir. 2000) (emphasis added); *see also* Fed. R. Civ. P. Supp. R. B, *Advisory Committee Notes*, 1985 Amendment (stating that Rule B(1) "envisions that the order [directing issuance of a writ] will issue when the plaintiff makes a *prima facie* showing that he has a maritime claim against the defendant in the amount sued for and the defendant is not present in the district. A simple order with conclusory findings is contemplated."). Here, Plaintiff has satisfied these prerequisites for obtaining an order directing the issuance of a writ of maritime attachment and garnishment.

First, Plaintiff's claim is a maritime contract claim based on a contract of affreightment and voyage charter party for the vessel SANSOVINO and is subject to admiralty jurisdiction. *Morewood v. Enequist,* 64 U.S. 491, 494-95 (1859) ("[C]harter-parties and contracts of affreightment are 'maritime contracts' within the true meaning and construction of the Constitution and act of Congress"). Thus, the first element of the maritime attachment writ inquiry clearly is satisfied.

Second, Neptune's search for the Defendant in this District failed to produce any evidence of Defendant's presence in this district or an adjacent district.[1]  *See* Declaration of Justin Kadoura. Thus, the second element of the maritime attachment writ inquiry likewise has been satisfied.

---

[1] In limited circumstances, a court may deny or vacate an attachment where defendant can be sued in a nearby "adjacent district". *E.g., Swiss Marine Servcs. v. Louis Dreyfus Energy Servcs.L.P.*, 598 F. Supp. 2d 414 (S.D.N.Y. 2008) (Connecticut considered a convenient adjacent

**DEFENDANT'S PROPERTY IS PRESENT IN THIS DISTRICT
AND SUBJECT TO RULE B ATTACHMENT**

To invoke Rule B, the plaintiff must also allege that the defendant has or will soon have property, tangible or intangible, in the hands of a garnishee within the district. Fed. R. Civ. P. Supp. R. B(1)(a). The principal property sought to be attached by Plaintiff in this District is property held by garnishee bank FNB, which maintains branches within the Eastern District of Pennsylvania. This property includes a credit facility[2] and related account(s) held by FNB for the benefit of Defendant.

Although Pennsylvania courts have not analyzed the effect of multiple bank branches in the context of Rule B attachment, other courts have recognized the principle that given a customer's right to draw on its account at any of the numerous branches a bank may have, as a practical matter the funds in a customer's account are attachable at any branch of the garnishee bank, as long as it is within the district of the attaching court. *See, e.g., Acme Contracting, Ltd. v. Toltest, Inc.*, 07-10950, 2008 WL 4534175, at *7 (E.D. Mich. Oct. 3, 2008); *Regions Equip. Fin. Corp. v. Blue Tee Corp.*, 313 F.R.D. 568, 571 (E.D. Mo. 2016); *Boland Marine & Industrial, LLC v. Bouchard Transportation Co., Inc.*, No 20-cv-66, 2020 WL 10051743 (W.D. Tex. Feb. 28, 2020); *Power Rental Op Co, LLC v. Virgin Islands Water & Power Authority*, No. 24-mc-70, 2024 WL 2805162 (D.P.R. May 31, 2024).

---

jurisdiction to S.D.N.Y.) (citing *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434 (2d Cir. 2006)). After a diligent search, however, Plaintiff cannot identify any presence of Defendant in New York, New Jersey, Delaware, or Maryland, among others.

[2]  While an undrawn line of credit is not considered attachable property, the proceeds of a line of credit, once drawn, become attachable property in the hands of the bank, like any other funds in a bank account. *See Oceanfocus Shipping v. Naviera Humboldt, S.A.*, 962 F. Supp. 1481, 1484 (S.D. Fla. 1996) (citing cases).

Based on the foregoing, Defendant's property located in the hands of the garnishee bank is attachable in this jurisdiction, where the bank can be served with the Rule B writ of attachment.

## **CONCLUSION**

Neptune has satisfied the prerequisites necessary to invoke Supplemental Rule B against Accentuate because: 1) the parties' charter party constitutes a maritime contract; 2) Accentuate cannot be found within the District; and 3) Accentuate has tangible or intangible property within the District, namely accounts held by a Pennsylvania-located garnishee.

Upon review of the Verified Complaint, the Court should conclude that the Plaintiff has pleaded a *prima facie* basis for the issuance of a writ of attachment under Rule B and should direct the Clerk to issue such process.

Dated: January 21, 2026

By: */s/ Justin Kadoura*
Justin Kadoura
**HOLLAND & KNIGHT LLP**
1650 Market Street, Suite 330
Philadelphia, Pennsylvania
Telephone: (215) 252-9600
Fax: (215) 867-6070
Email: justin.kadoura@hklaw.com

Marie E. Larsen (*pro hac vice* forthcoming)
**HOLLAND & KNIGHT LLP**
787 7th Avenue
New York, New York 10019
Telephone: (212) 513-3200
Fax: (212) 385-9010
Email: marie.larsen@hklaw.com

*Attorneys for Neptune VLGC Pool Ltd.*